The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On 11 November 1991, the parties were subject to the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on 11 November 1991.
3. Cigna Property and Casualty was the carrier on risk on 11 November 1991.
4. On 11 November 1991, plaintiff's average weekly wage was $226.00.
5. Plaintiff's medical records concerning this claim are admitted into evidence.
6. The issues for hearing were whether plaintiff suffered a compensable injury on 11 November 1991; and if so, what, if any, benefits was she entitled to receive?
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner, with minor modifications, as follows:
 FINDINGS OF FACT
1. Plaintiff, a 31 year old female, was employed by defendant-employer as a "quilter." In March 1991, she noticed a gradual onset of right hand and arm pain. Plaintiff received treatment and physical therapy for this pain and was out of work approximately one month. Plaintiff alleged that she received workers' compensation benefits during that time, but the record is devoid of any evidence that such compensation was requested or granted. Plaintiff returned to work in April 1991, to the "inspect and fold" department. Approximately one month later, plaintiff requested a transfer back to the quilting department. Plaintiff did not experience any further arm pain until 11 November 1991.
2. While performing her normal duties as a quilter on 11 November 1991, and while earning a weekly wage of $226.00, plaintiff developed a sharp pain in her right hand and arm. Plaintiff reported this pain to the company nurse who referred her to a physician.
3. Plaintiff sought treatment from Dr. Robert Wood on 12 November 1991, receiving a diagnosis of impingement of the right shoulder.
4. Dr. Wood released plaintiff to return to work on 19 November 1991, when plaintiff's impingement of her right shoulder had resolved.
5. Plaintiff remained in the quilting department with defendant-employer until she resigned on 7 June 1993. One week later, plaintiff began keeping children in her home, earning approximately $275.00 per week.
6. Plaintiff did not seek any treatment for her right shoulder or arm from 19 November 1991 until February 1994 when she consulted Dr. William Somers, alleging right arm pain. Nerve conduction tests and an EMG were considered normal. Dr. Somers' diagnosis was right arm pain of unknown origin.
7. Plaintiff did not seek medical treatment again until 4 October 1995, when she consulted Dr. J. Lawrence Frank. Dr. Frank conducted Tinel's Test, Phalen's Test and Finklestein's Test with normal results, rendering plaintiff a diagnosis of tendonitis. Dr. Frank did not ascribe plaintiff's problems to her previous employment with defendant-employer.
8. There is insufficient medical evidence of record from which to determine by the greater weight a causal relationship between plaintiff's pain on 11 November 1991 and her present condition.
9. On 11 November 1991, plaintiff performed her usual duties in the usual manner without any interruption of her normal work routine. Plaintiff did not suffer an injury by accident.
10. There is insufficient medical evidence of record from which to determine by its greater weight that plaintiff's employment with defendant-employer placed plaintiff at an increased risk of developing right shoulder pain or tendonitis than members of the general public not so employed.
 ***********
Based upon the Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
On 11 November 1991, plaintiff did not sustain an injury either as the direct result of a specific traumatic incident of the work assigned, or from an interruption of her normal work routine by the introduction of unusual conditions likely to result in unexpected consequences. Therefore, any alleged injury sustained by plaintiff on 11 November 1991 did not result from an injury by accident or a specific traumatic incident of the work assigned. Further, plaintiff has not proved a disease or disability related to causes and conditions which were characteristic of and peculiar to her employment with defendant-employer.
Since Plaintiff did not suffer an injury by accident or a specific traumatic incident, nor an occupational disability, her claim is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §§ 97-2 (6),97-53 (13).
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and is, DENIED.
2. Each side shall bear its own costs.
This ___ day of February 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp/jlr